No. 25-3971

IN THE
United States Court of Appeals for the Ninth Circuit

JOHNNY C. RUTHERFORD, JR., et al.,
on behalf of herself and all others similarly situated,

*Plaintiffs-Respondents*,

v.

HEALTH CARE SERVICE CORPORATION, et al.,

*Defendant-Petitioner*.

# REPLY IN SUPPORT OF RULE 23(f) PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING CLASS CERTIFICATION

United States District Court for the District of Montana
Case No. 6:24-CV-00081 (Hon. Brian Morris),
Order Granting Class Certification

Kasey J. Curtis
REED SMITH LLP
515 S Flower,
Suite 4300
Los Angeles, CA 90071
(213) 457-8000

Martin J. Bishop
REED SMITH LLP
10 South Wacker Dr.,
40th Floor
Chicago, IL 60606
(312) 207-1000

Daniel J. Auerbach
BROWNING, KALECZYC,
BERRY & HOVEN P.C.
201 W. Railroad St.,
Suite 300
Missoula, MT 59802
(406) 728-1694

*Attorneys for Petitioner*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................ 1

ARGUMENT ........................................................................ 3

A. This Court's Review is Warranted to Rebuke the Practice of District Courts Prematurely Granting Class Certification ......... 3

B. Plaintiffs' Inability to Meaningfully Confront *Wit* Underscores the District Court's Manifest Error in Certifying a Rule 23(b)(2) Class ........................................ 7

C. The District Court Did Not Certify a Rule 23(b)(1) Class ........ 10

CONCLUSION ........................................................................ 11

CERTIFICATE OF COMPLIANCE ........................................ 12

CERTIFICATE OF SERVICE ................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chamberlan v. Ford Motor Co.*,
402 F.3d 952 (9th Cir. 2005) .......... 4

*Dalie v. Pulte Home Corp.*,
636 F. Supp. 2d 1025 (E.D. Cal. 2009) .......... 4

*Davidson v. USAA*,
2025 U.S. Dist. LEXIS 93363 (C.D. Cal. May 14, 2025) .......... 7, 9

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) .......... 7

*Desert Cove Recovery, LLC v. United Behav. Health*,
2024 U.S. Dist. LEXIS 24380 (N.D. Cal. Feb. 12, 2024) .......... 9

*Doninger v. Pacific Northwest Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977) .......... 5

*Edwards v. First Am. Corp.*,
385 F. App'x 629 (9th Cir. 2010) .......... 4

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) .......... 4

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) .......... 4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .......... 7, 8

**TABLE OF AUTHORITIES**
**(Cont.)**

**Page(s)**

*Walker v. Life Ins. Co. of the SW*,
953 F.3d 624 (9th Cir. 2020) ........ 7

*Wit v. United Behavioral Health*,
79 F.4th 1068 (9th Cir. 2023) ........ *passim*

**Statutes**

28 U.S.C. § 1292(b) ........ 4

Mont. Code Ann. § 33-18-242(1) ........ 9

**Rules**

Fed. R. Civ. P. 23 ........ 4, 8, 9

## INTRODUCTION

Plaintiffs' Response in Opposition ("Answer") helps crystallize why the district court's certification of a Rule 23(b)(2) class at the outset of the case—before class discovery had been conducted and without an adequate record—is worthy of this Court's interlocutory review, both because it presents an important, recurring legal question and is manifestly erroneous.

Plaintiffs do not dispute that the question of whether it is appropriate to decide class certification at the outset of the case, before class discovery has been conducted, is an important, recurring legal question worthy of review. And as Plaintiffs tacitly acknowledge, this Court has not yet addressed this issue in the context of an order (like the Certification Order) that prematurely *grants* class certification. Instead of debating whether the legal issue presented is worthy of review, Plaintiffs make erroneous arguments about how a "pure legal question" is supposedly required for Rule 23(f) review, that BCBSMT should have acted more diligently, and how the propriety of class certification is unlikely to evade end-of-case review. These arguments fail on their merits and have nothing to do with the propriety of interlocutory review. Plainly, this case presents an opportunity to provide guidance rebuking the practice of prematurely granting class certification on a "tentative" basis.

Further, as to the district court's manifest error in certifying a Rule 23(b)(2) reprocessing injunctive relief class when *Wit v. United Behavioral*

*Health*, 79 F.4th 1068 (9th Cir. 2023) makes clear that such relief cannot be ordered unless every class member was entitled to benefits, Plaintiffs never meaningfully confront *Wit*'s holding. Instead, Plaintiffs variously cite contrary pre-*Wit* decisions, attempt to distinguish *Wit* on inapplicable grounds, and declare there is no overbreadth problem. But as BCBSMT already explained in the Petition, the class certified includes class members whose benefits claims were *properly* denied—which renders Plaintiffs' Rule 23(b)(2) reprocessing class definitionally improper. BCBSMT should not be forced to defend against a certified class lawsuit that threatens to force it to reprocess *every single* non-ERISA claim it has denied in Montana on medical necessity grounds when *Wit* holds that such relief cannot be granted on a class-wide basis and that controlling decision is not even mentioned in the Certification Order.

Finally, although Plaintiffs attempt to argue that any error is harmless because the district court also certified a Rule 23(b)(1) class, that argument gravely misconstrues the Certification Order. There is no analysis of Rule 23(b)(1) in the Certification Order. In advancing this argument, Plaintiffs are grasping at straws to avoid interlocutory review of a plainly erroneous certification order that should not stand.

* * *

In sum, Rule 23(f) review exists for cases like this one. It enables this Court to take up important legal questions regarding the law of class actions and correct obvious errors. Both criteria are satisfied and,

pragmatically, it would be manifestly unfair and a waste of judicial resources to allow the manifest problems with the Certification Order to go unaddressed.

## ARGUMENT

### A. This Court's Review is Warranted to Rebuke the Practice of District Courts Prematurely Granting Class Certification

Plaintiffs make no attempt to argue against how the question of whether a defendant is entitled to class discovery prior to litigating class certification is an important, recurring legal issue that will shape how district courts decide class certification in future cases. *Compare* Pet. at 9-14, *with* Ans. at 8-12. As explained in the Petition, this Court has previously addressed the propriety of motions to deny class certification or strike class allegations at the outset of the case, cautioning that such motions are disfavored. *See* Pet. at 10-11. But as is confirmed by the Answer,[1] this Court has not yet made clear that a defendant is likewise entitled to take class discovery before class certification is decided.

Instead of disputing the significance of this legal question, Plaintiffs first argue that it is not "purely a legal" question because it is intertwined with the procedural history of the case. Ans. at 8-9. This argument makes little sense given the case was still at the pleading stage when class

1 BCBSMT assumes that if the Court had previously addressed this issue, Plaintiffs would have cited that decision in their Answer.

certification was decided. But in any event, there is no precedent of which BCBSMT is aware (and Plaintiffs cite none) that supports Plaintiffs' view that only "purely legal" questions warrant Rule 23(f) review. Indeed, contrary to the unflexible approach for which Plaintiffs advocate, Rule 23(f) affords this Court "'unfettered discretion' to grant or deny permission to appeal based upon 'any consideration that the court of appeal finds persuasive.'"[2] *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) (quoting Fed. R. Civ. P. 23, Advisory Committee Notes to 1998 Amendments).

Analysis of this Court's Rule 23(f) precedents make clear there is no such requirement. In prior cases, this court has granted Rule 23(f) petitions to take up questions of (1) when class certification can appropriately be denied, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009), (2) the extent to which the parties are entitled to discovery before briefing class certification, *Edwards v. First Am. Corp.*, 385 F. App'x 629 (9th Cir. 2010), and (3) the extent to which class plaintiffs are required to "prove—not simply plead—that their proposed class satisfied each requirement of Rule 23," *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31

---

2 Even in the context of interlocutory review under 28 U.S.C. § 1292(b) (where the grounds for review are more restrictive), this Court "has never embraced the rule that only pure legal questions [are reviewable] under § 1292(b)." *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (citing cases).

F.4th 651 (9th Cir. 2022) (en banc)—all of which involve legal questions that are intertwined with the procedural history of the case.

Plaintiffs next attempt to cast blame at BCBSMT for purportedly not diligently obtaining the discovery needed to oppose class certification (Ans. at 8-10), but this argument has no bearing on whether review is warranted and lacks merit.

As explained in the Petition, the important legal question that warrants this Court's review is the extent to which a party's right to obtain "'enough discovery' to allow them to present … evidence" at class certification likewise counsels against district courts prematurely granting class certification. Pet. at 10 (quoting *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). The Certification Order makes plain that this important legal issue is well presented by this case. It did not, as Plaintiffs suggest, conclude that BCBSMT forfeited its right to obtain discovery by failing to act diligently. Instead, it *acknowledged* that the district court "lack[ed] sufficient information" relevant to aspects of the class certification analysis, (see Dkt. 96 at 14), but proceeded to "tentatively" certify the class on a different basis, subject to revisiting certification after "class discovery … take[s] place," (*id.* at 6, 14). The appropriateness of this approach is what this Court should take up.

In any event, the assertion that BCBSMT had the opportunity to take class discovery, but failed to act diligently, is belied by the record. Contrary to Plaintiffs' narrative, the reality is that when Plaintiffs moved

for class certification: (1) the class allegations had just been added and the case was not yet at issue, (Dkts. 1, 7, 9, 31), (2) BCBSMT asked for the opportunity to take discovery and moved to stay class certification to allow class discovery to be obtained—outlining specific discovery it sought,[3] (Dkt. 41); and (3) BCBSMT was required to file its opposition within 14 days after the certification motion was filed and before the district court had ruled on the stay request, (D. Mont. L.R. 7.1(d)(1)(B)). In other words, BCBSMT was denied the opportunity to conduct class discovery, despite requesting time to do so and outlining what class discovery it required and why.

Finally, Plaintiffs argue that even if the legal issue presented is one of fundamental importance, it does not warrant Rule 23(f) review because it is unlikely to evade end-of-case legal review. Ans. at 11-12. But if, as Plaintiffs contend, any error in "the inability to conduct pre-certification discovery" will be fixed prior to judgment, (Ans. at 12), the important legal question about the impropriety of prematurely granting class certification

3 Plaintiffs' criticism of the alleged mere "platitudes" in which what class discovery was needed is discussed, (Ans. at 11), rings hollow when one considers the district court *itself* recognized it lacked "lack[ed] sufficient information," (Dkt. 96 at 14), but proceeded to grant class certification and "treat[] th[e] order as tentative should further discovery change the outcome of class certification," (*id.* at 6). In any event, BCBSMT's stay motion outlined in detail the specific class discovery it required and explained why it was relevant. (Dkt. 41 at 10-13.)

will have been rendered moot and thus unreviewable. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1065 (9th Cir. 2007) (orders dissolved prior to appeal are unreviewable on appeal).

What is more, under this Court's precedent, the Certification Order is only reviewable under Rule 23(f) now—an order refusing to modify the Certification Order after class discovery cannot be reviewed by this Court. *See Walker v. Life Ins. Co. of the SW*, 953 F.3d 624, 636 (9th Cir. 2020). That too counsels in favor of review of the Certification Order—not refusing review in the hopes the district court will later correct any errors.

### B. Plaintiffs' Inability to Meaningfully Confront *Wit* Underscores the District Court's Manifest Error in Certifying a Rule 23(b)(2) Class

Citing either out-of-circuit or pre-*Wit* district court decisions, Plaintiffs first argue that there is no manifest error in the district court's certification of a Rule 23(b)(2) class because a "reprocessing injunction" is appropriate class-wide injunctive relief under Rule 23(b)(2). Ans. at 16-17. This argument ignores this *Wit*'s holding that a claimant is not "entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant."[4] *Wit*, 79 F.4th at 1084.

---

4 This argument also ignores the fact that the Certification Order explicitly contemplates that the "reprocessing injunction" would be a means to monetary relief, (*see* Dkt. 96 at 12 (suggesting injunction would be a way for class members' claims to be "adjusted monetarily")), contrary to what *Wal-Mart Stores, Inc. v. Dukes* mandates, see 564 U.S. 338, 360 (2011); *see also Davidson v. USAA*, 2025 U.S. Dist. LEXIS 93363, at *28 (C.D. Cal. May 14,

Stated plainly, because *Wit* establishes that a showing of prejudice is required before reprocessing can be ordered,[5] here the *entire* class is not entitled to the same reprocessing injunction. That is because the class includes an untold number of class members whose claims were *properly* denied as not medically necessary, (Pet. at 16-17), a fundamental point Plaintiffs do not refute, (*see* Ans. at 18-22). And because a prerequisite of Rule 23(b)(2) certification is that "'final injunctive relief or corresponding declaratory relief [be] appropriate respecting the class as a whole,'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quoting Fed. R. Civ. P. 23(b)(2)), the certification of a Rule 23(b)(2) class that encompasses *all* denied claims (even those properly denied) is manifestly erroneous. *See* Pet. at 14-18. That is to say nothing of Plaintiffs' lack of standing to pursue a reprocessing injunction when their claim have *been paid*—another clear error that Plaintiffs do not confront. *Compare* Pet. at n.3, *with* Ans. at 12-22.

---

2025) (concluding reprocessing injunction improperly implicated "individual relief or individualized awards of money damages" not available under Rule 23(b)(2)). Nonetheless, because the *Wit* error is so plain, it most clearly rises to the level of "manifest error."

5 Plaintiffs criticize BCBSMT for not citing *Wit* in its class certification opposition, but this overlooks how Plaintiffs' request to certify a Rule 23(b)(2) class was a throw-away argument, consisting of just three sentences. *See* Dkt. 31 at 23. It also disregards how BCBSMT's primary argument in opposition was that the motion was premature. *See* Dkt. 41; Dkt. 46 at 2-3.

Plaintiffs next attempt to argue that *Wit* is distinguishable because it is an ERISA case, while Plaintiffs' claims arise under Montana law. Ans. at 18-20. But Plaintiffs supply no explanation of how "reprocessing" of *properly* denied claims is an available law state remedy when the Montana statute that Plaintiffs have invoked authorizes only suits for "actual damages" and says *nothing* about injunctive relief. *See* Mont. Code Ann. § 33-18-242(1). Further, contrary to this argument, district courts in this circuit have already applied *Wit*'s framework to state law insurance claims. *E.g., Davidson*, 2025 U.S. Dist. LEXIS 93363 at *28; *Desert Cove Recovery, LLC v. United Behav. Health*, 2024 U.S. Dist. LEXIS 24380, at *9 (N.D. Cal. Feb. 12, 2024). And because, as Plaintiffs acknowledge, *Wit* holds that Rule 23 cannot be used to "abridge, enlarge or modify any substantive right," (Ans. at 18), the district court manifestly erred when it certified a Rule 23(b)(2) reprocessing class that includes claims that were properly denied.

Plaintiffs' final argument as to why there is no manifest error is that the problem in *Wit* was the class's overbreadth. *See* Ans. at 19-21 (arguing that the problem in *Wit* was that the class included "individuals whose claims were denied for other reasons"). But the same overbreadth problem exists in this case given, as BCBSMT has explained, (Pet. at 16-17), the class certified encompasses all denials, irrespective of the reason for the denial, the stage at which they were denied, and whether additional information was submitted. Definitionally, this class "include[s] persons whose claims

were *properly* denied," (Pet. at 16), which is manifest error under *Wit* and Plaintiffs' overbreadth argument concedes as much.

**C. The District Court Did Not Certify a Rule 23(b)(1) Class**

As a final attempt to persuade this Court that interlocutory review is not warranted, Plaintiffs argue harmless error. Ans. at 12-13. They maintain that the Petition does "not challenge[] the certification of a [Rule] 23(b)(1) class" and thus even if the certification of the Rule 23(b)(2) class were reversed "the [Rule] 23(b)(1) certified class will exist, and class claims will still need to be litigated." Ans. at 12-13. This argument misreads the Certification Order, which did *not* certify a Rule 23(b)(1) class.

In moving for class certification, Plaintiffs did *not* ask for a Rule 23(b)(1) class to be certified. *See generally* Dkt. 31. Instead, they argued only that certification was appropriate under either Rule 23(b)(2) or Rule 23(b)(3). *Id.* at 23-27. There is also *no* analysis of Rule 23(b)(1) in the Certification Order, much less the required findings that would be needed to support certification of a Rule 23(b)(1) class. *See generally* Dkt. 96.

The only reference to Rule 23(b)(1) that can be found in the Certification Order can be found on page 14, in the context of the district court's discussion of how it "lacks sufficient information to define a class under Fed. R. Civ. Pro. 23(b)(3)." *Id.* at 14. After making that statement, the district court observed that a "class may be appropriately certified under (b)(1) and (b)(2)," without analyzing Rule 23(b)(1) or making any findings under it. *Id.* That passing statement that it "may" be appropriate

to certify a class under the other subparts of Rule 23(b) is not a finding that a Rule 23(b)(1) class should be certified.

## CONCLUSION

BCBSMT respectfully requests that the Court grant the Petition and give it permission to appeal.

DATE: July 29, 2025

Respectfully submitted,

*/s/ Kasey J. Curtis*

Kasey J. Curtis
REED SMITH LLP
515 S Flower, Suite 4300
Los Angeles, CA 90071
(213) 457-8000

Martin J. Bishop
REED SMITH LLP
10 South Wacker Dr.
40th Floor
Chicago, IL 60606
(312) 207-1000

Daniel J. Auerbach
BROWNING, KALECZYC,
BERRY & HOVEN P.C.
201 W. Railroad St., Suite 300
Missoula, MT 59802
(406) 728-1694

*Attorneys for Petitioner*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Reply in Support of Rule 23(f) Petition contains 2,575 words. I also certify that it complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (6) because it has been set in a 14-point, proportionately spaced typeface (Palatino Linotype).

DATED: July 29, 2025

*/s/ Kasey J. Curtis*

Kasey J. Curtis
REED SMITH LLP
515 S Flower
Suite 4300
Los Angeles, CA 90071

(213) 457-8000

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing system on July 29, 2025.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the Appellate Electronic Filing system.

*/s/ Kasey J. Curtis*

Kasey J. Curtis
REED SMITH LLP
515 S Flower
Suite 4300
Los Angeles, CA 90071
(213) 457-8000

*Attorneys for Petitioner*